# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-179V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
WILLIAM T. SMITH, JR., as fiduciary of          *
the estate of MICHAEL E. SMITH,                 *
                                                *
                                                *   Filed:  April 21, 2014
              Petitioner,                       *
                                                *   Petitioner's Motion for a Decision;
         v.                                     *   Dismissing the Petition for
                                                *   Insufficient Proof of Causation;
SECRETARY OF HEALTH AND                         *   Vaccine Act Entitlement; Denial
HUMAN SERVICES                                  *   Without Hearing
                                                *
              Respondent.                       *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

<u>Diana S. Sedar</u>, Sarasota, FL, for Petitioner

<u>Darryl R. Wishard</u>, Washington, DC, for Respondent

## **DECISION**[1]

On March 8, 2013, a petition for Vaccine Compensation was filed in this case as part of the National Vaccine Injury Compensation Program.[2] The petition alleged that the influenza

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) permits each party 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  Otherwise, the decision will be available to the public.  <u>Id.</u>

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

vaccine Michael Smith received on April 14, 2012 caused him to suffer Guillain-Barré syndrome.

After about a year of gathering records, Petitioner filed a motion on April 15, 2014 seeking a decision dismissing his petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation.

To receive compensation under the Program, Mr. Smith must prove either 1) that Michael suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of Michael's vaccinations, or 2) that Michael suffered an injury that was actually caused by a vaccine.  See §§13(a)(1)(A) and 11(c)(1).  An examination of the record however did not uncover any evidence that the Michael suffered a "Table Injury."  Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that the Michael's alleged injury was vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician.  §13(a)(1).  In this case, it is clear from the record in this case that Petitioner has failed to demonstrate either that Michael suffered a "Table Injury" or that his injuries were "actually caused" by a vaccination. Mr. Smith has therefore failed to provide sufficient evidence to meet his burden of proof. Petitioner's claim therefore cannot succeed and must be dismissed. §11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master
